**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DENIS ROLANDO AVILA VALLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-02401-JD |
| | ) | |
| CHRIS GANTT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

On September 8, 2026, Petitioner Denis Rolando Avila Valle ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") [Doc. No. 1] alleging that despite an Immigration Judge ("IJ") having terminated his removal proceedings on July 28, 2026, and Respondents' appeal deadline having expired on August 27, 2026, Petitioner nonetheless remained in custody with no criminal or civil proceedings active against him. [Doc. No. 1 ¶ 1].[1]

On September 14, 2026, upon payment of the filing fee in this case, the Court ordered Respondents to show cause why the Court should not grant the Petition in full and order Petitioner's immediate release. [Doc. No. 5 at 1–2]. Respondents filed a response opposing the Petition and notifying the Court that a new "Notice to Appear was served on Petitioner on September 15, 2026." [Doc. No. 8 at 1]; [Doc. No. 8-1]. Respondents further represented that "following termination of Petitioner's previous

[1] The Petition has two paragraphs labeled as "1." In this order, this paragraph citation is to the first instance of paragraph "1."

removal proceeding, Respondents were working to re-initiate removal proceedings." [Doc. No. 8 at 1]. The Court ordered Petitioner to file a reply addressing how the timing of the Notice to Appear impacts the Court's consideration of whether the detention authority issue is now moot. [Doc. No. 9 at 1].

In reply, Petitioner argues that the mootness doctrine should not apply here because "ICE has the unique ability to 'moot' opposing parties' habeas petitions when convenient in order to evade judicial review by simply filing a new Notice to Appear whenever they are challenged." [Doc. No. 12 at 4]. Petitioner contends that the Executive's broad discretionary powers—combined with the facts present here—creates a quintessential "wrong capable of repetition yet evading review," and that with such harms the Tenth Circuit "will not dismiss a petition as moot." [*Id.* at 2] (quoting *Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002) (citation modified) (collecting cases)); *see also FEC v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007) (same).

The Court agrees with Petitioner. Losing in immigration court—and failing to timely appeal or issue new charges—must carry legal consequences. Respondents' allegation that they were in the process of instituting new charges makes no difference. It is axiomatic that deprivation of one's liberty interest must carry some legal predicate to justify detention, and the Court is not aware of any grace period or good faith exception to that rule. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (re-affirming the proposition that deprivation of liberty requires legal justification). Post hoc reinstitution of charges at this late stage cannot moot this case, lest the writ of habeas corpus carry

little if any teeth in the immigration context. Respondents had ample time to appeal the immigration judge's decision or institute new proceedings—they did neither.[2]

Moreover, Respondents do not meaningfully contest the allegation that—on the date the Petition was filed *and* on the date of the Court's Order to Respondents to Show Cause—Petitioner was being held in violation of the laws of the United States. 28 U.S.C. § 2241(c)(3).[3] Further briefing thus appears unnecessary, as the Court cannot see what evidentiary showing or legal argument Respondents might make to change the outcome. Habeas relief should be granted and Petitioner released.

Consequently, the Court **GRANTS** the Petition and **ORDERS** Respondents to secure Petitioner's **IMMEDIATE RELEASE** from custody. Respondents shall certify their compliance with this order by **5:00 p.m. Central Time (CT) on Monday, September 28, 2026**. A separate judgment will follow.

IT IS SO ORDERED this 25th day of September 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner suggests that Petitioner's custody became illegal on the day of the IJ's order terminating proceedings, rather than on the day the appeal deadline expired. [Doc. No. 12 at 1]. However, the Court need not decide the precise day on which Petitioner's detention became illegal, as the outcome is the same either way.

[3] The Tenth Circuit has explained that habeas "jurisdiction attaches on the initial filing for habeas corpus relief." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). And, in the context of a *Zadvydas* claim, the Eleventh Circuit has explained that the habeas facts at the time of filing apply. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).